UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAMONA JABLON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22 C 3724 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

After plaintiff filed a complaint in the Circuit Court of Cook County, defendant removed the case here. Before the Court is plaintiff's motion to remand. For the reasons set forth below, the motion is granted.

**I.  BACKGROUND**

On August 17, 2021, plaintiff Ramona Jablon ("Jablon") filed in the Circuit Court of Cook County a complaint alleging that defendant Target Corporation had negligently left a package of bottled water in a pathway, where plaintiff tripped over it and was injured. In her complaint, plaintiff sought relief "in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the cost of this action." [Docket 1-1 at 4].

On July 19, 2022, defendant removed the case to this Court pursuant to 28 U.S.C. § 1332(a)(1). In its notice of removal, defendant asserted that plaintiff is a citizen of Illinois while defendant is a citizen of Minnesota (its state of incorporation and the location of its principal place of business). [Docket 1 at ¶ 2]. Defendant went on to state that, on April 14, 2022, it had received plaintiff's response to interrogatories. [Docket 1 at ¶ 6]. In that response, according to defendant's notice of removal, plaintiff had stated that she suffered damages consisting of

$21,330.00, the amount she stated she had been billed by Lutheran General Hospital, plus $92,197.13, the amount she stated she had been billed by Glenview Terrace Nursing Company. [Docket 1 at ¶ 6]. Defendant also stated in its notice of removal that the bills plaintiff provided defendant "totaled only $55,090.57" [Docket 1 at ¶ 6], which prompted defendant to subpoena medical records. Defendant says that it received additional bills on July 1, 2022, at which point it had received copies of bills totaling $101,908.51. [Docket 1 at ¶ 7].

When plaintiff moved to remand, she attached a copy of her response to the interrogatories. Plaintiff agrees with defendant that she served the response on defendant on April 14, 2022. In the interrogatories, plaintiff was asked as follows and answered as follows:

> 5. With regard to all injuries Plaintiff claims resulted from the alleged occurrence, state:
>
> (a) The identity of each attending physician;
>
> * * *
>
> (e) The amounts to date of their respective bills for services.
>
> **ANSWER:** 8/29/19-9/4/19 Lutheran General Hospital, 1775 Dempster, Park Ridge IL 60068, $21,330.00; Glenview Terrace Nursing Center, 1511 Greenwood, Glenview IL 60026, $92,197.13.

[Docket 7-3 at p. 3].

## II. DISCUSSION

In her motion to remand, plaintiff argues that defendant's notice of removal was untimely. Plaintiff argues the removal was untimely under 28 U.S.C. § 1446(b)(1) or under § 1446(b)(3).

The removal statute sets out deadlines for filing a notice of removal. First, the "notice of removal of a civil action . . . shall be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b)(1). Second, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30

days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The Seventh Circuit has set out a bright-line rule for determining when the removal clock begins to run:

> The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought. This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by the plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants.

*Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). The Seventh Circuit warned against:

> conflat[ing] the timeliness question with the factual inquiry into whether the case is substantively appropriate for removal. Whether the jurisdictional prerequisites are in fact met is a separate determination and often involves consideration of materials outside the state-court pleadings.

*Walker*, 727 F.3d at 824. The Seventh Circuit went on to explain:

> In contrast, the timeliness inquiry is limited to examining contents of the clock-triggering pleading or other litigation paper; the question is whether *that document*, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies the jurisdictional requirements and is therefore removable. Assessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation.

*Walker*, 727 F.3d at 825.

The Court first considers whether the notice of removal was untimely under § 1446(b)(1). Plaintiff's original complaint demanded damages in excess of $50,000.00. Thus, the complaint did not, on its face, reveal that the amount in controversy in this case exceeds $75,000.00, the

jurisdictional minimum under 28 U.S.C. § 1332(a). Accordingly, the Court agrees with defendant that the complaint did not start the removal clock.

Next, the Court considers whether the notice of removal was untimely under § 1446(b)(3), which provides:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Under this subsection, "the [removal] clock commences *only* when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to establish the federal jurisdictional minimums." *Walker*, 727 F.3d at 825.

In this case, plaintiff's response to defendant's interrogatories—which the parties agree plaintiff served on defendant on April 14, 2022–is such a document. Plaintiff's response to defendant's interrogatories stated affirmatively and unambiguously that plaintiff was seeking more than $75,000.00 in damages, because plaintiff identified medical expenses of $21,330.00 plus other medical expenses of $92,197.13. That plaintiff had not yet supplied defendant with *evidence* of those damages does not matter. Whether or not plaintiff could actually prove the damages she claimed is not relevant to determining the amount in controversy. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

4

Plaintiff's response to the interrogatories put defendant on notice that plaintiff was seeking damages in excess of $75,000.00 and, thus, started the removal clock under § 1446(b)(3).

The removal clock commenced on April 14, 2022. Defendant filed its notice of removal on July 19, 2022, which was too late under 28 U.S.C. § 1446(b)(3). Accordingly, plaintiff's motion to remand is granted.

### III.  CONCLUSION

For the reasons set forth above, the Court grants plaintiff's motion [7] to remand. The Clerk is directed to remand this case to the Circuit Court of Cook County. Civil case terminated.

**SO ORDERED.**                                 ENTERED: October 20, 2022

**HON. JORGE ALONSO**
**United States District Judge**